1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   UNITED STATES OF AMERICA,                    CASE NO. 12CR2366 WQH

12                              Plaintiff,         ORDER
                        vs.
13   MANUEL ALARCON-MALDONADO,

14                              Defendant.

15

16   HAYES, Judge:

17        The matter before the Court is the Defendant's motion for specific performance of the

18   plea agreement and sentencing before a different district court judge. (ECF No. 24).

19                              **BACKGROUND FACTS**

20        On May 15, 2012, Defendant was arrested for illegally reentering the United States in

21   violation of 8 U.S.C. § 1326.

22        On May 17, 2012, Defendant was arraigned on a complaint.

23        On May 18, 2012, an Assistant United States Attorney sent an informal offer to counsel

24   for the Defendant which stated:

25        BOL=8
          AR-2
26        FT-4
          AOL=6
27        CHP=0/CHC I (This is a tentative determination.  There is some
          inconsistencies in the RAP sheets that need further investigation
28        which could result in a new SOC and CHP)
          Range: 0-6 months

1   Offer: 60 days stipulated sentence, immediate sentencing.

2   (ECF No. 24-1 at 3).

3   On June 19, 2012, the United States and the Defendant entered into a Plea Agreement.

4   (ECF No. 16).  Defendant agreed to waive indictment and to plead guilty to a single-count

5   Information charging a violation of 8 U.S.C. § 1326(a).  Defendant agreed not to file or argue

6   any substantive motions.  Defendant waived his trial rights.  Defendant acknowledged that the

7   sentence imposed will be based upon the factors set forth in 18 U.S.C. § 3553(a) and that the

8   Court must consult the sentencing guidelines and take them into account.  The Plea Agreement

9   stated in part: "Nothing in this plea agreement shall be construed as limiting the Government's

10   duty to provide complete and accurate facts to the district court and the U.S. Probation Office."

11   *Id.* 6.  The Plea Agreement provided:

12   SENTENCING GUIDELINE CALCULATIONS

13   Although the parties understand that the Guidelines are only advisory and just
    one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing
14   a sentence, the parties will jointly recommend the following Base Offense Level,
    Specific Offense Characteristics, Adjustments and Departures (if applicable):

15

16      1. Base Offense Level       8
         [USSG § 2L1.2]

17      2. Prior Conviction       +0 (FOOTNOTE 1)
         [USSG § 2L1.2(b)(1)]

18

19      3. Acceptance of Responsibility  -2
         [USSG § 3E1.1]

20      4. Departure for Fast Track    -4 *
         [USSG § 5K3.1]

21

22   * The Government reserves the right to reduce its recommended
    departure if defendant does not proceed to sentencing in the first
    date set by the Court, unless the parties agree to a continuance or
23   sentencing is continued on the Court's own motion.

24   The parties further agree and recommend immediate sentencing
    upon specific findings by the Court that there is information in the
25   record sufficient to enable the meaningful exercise of sentencing
    authority pursuant to 18 U.S.C. § 3553 without a presentence
26   investigation and report.

27   FOOTNOTE 1 stated:

28   "The parties agree that if, before defendant is sentenced, contrary
    or additional information is discovered concerning defendant's

1

2

criminal history which changes defendant's applicable SOC, then the Government may recommend a sentence based upon any such changes."

...

3

4

NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category.

5

6

...

7

PARTIES RECOMMENDATIONS REGARDING SENTENCING

8

9

The parties will jointly recommend that defendant be sentenced to 60 days custody of the Attorney General or the low end of the advisory guideline range, whichever is greater, as calculated by the Government pursuant to this agreement.

10

(ECF No. 16 at 7-8).

11

Defendant entered a plea of guilty to the one-count information as provided in the Plea

12

Agreement before the United States Magistrate Judge. Sentencing without a presentence report

13

was set for July 16, 2012 at 9 am before this District Court Judge. The Government was

14

ordered "to prepare Sentencing Summary Chart and Rap Sheet. (ECF No. 14). This District

15

Court Judge accepted the plea. (ECF No. 19).

16

On July 16, 2012, the Court held a sentencing hearing. The Court asked the Defendant

17

if he wished to waive his right to a presentence report and be sentenced today. Defendant

18

answered "Yes." Counsel for the Government then stated: "May I interrupt, Your Honor? I

19

apologize. The United States is requesting that at the very least a criminal history letter be

20

prepared in this case." (ECF No. 28 at 3). Counsel for the Government stated that "there is

21

a very extensive rap sheet in the file" and "it is unclear as to several charges, including murder,

22

trafficking in cocaine, and trafficking in methamphetamine – prior immigration offenses." *Id.*

23

Counsel for the Government informed the Court that it was unclear whether or not these

24

charges resulted in any convictions. Counsel for the Government informed that Court that the

25

Government had not prepared a rap sheet summary because of its intention to request that the

26

Court order a criminal history report. Counsel for the Government stated that the Government

27

could not file "an accurate criminal history rap sheet and sentencing summary chart ... without

28

having more information on this particular defendant's criminal history." *Id.* at 4.

12cr2366WQH

Counsel for the Defendant requested that the sentencing go forward based upon a "joint recommendation for 60 days." *Id.* at 5. Counsel for the Defendant stated that "there is an extensive number of charges that are listed in the rap sheet" but no conviction documents to demonstrate that the Defendant has any convictions on record. *Id.* at 8.

Counsel for the Government stated that the Government was not able to check the records from out of state. The Court requested the probation office to check the Defendant's criminal history. Counsel for the Defendant requested an immediate sentence of 60 days based upon a criminal history category of I. The Court found that it did not have sufficient information to go forward with sentencing and set a further sentencing date for July 18, 2012 at 10:00 a.m.

Later that same day, the United States Probation Office prepared a Criminal History Report which showed two prior convictions for Possession of a controlled substances (Meth) and Assault with a Deadly Weapon. The Report concluded that the Defendant had six criminal history points and was in a Criminal History Category of III. (ECF No. 20).

On July 17, 2012, the Government filed a Sentencing Summary Chart showing a Specific Offense Level of +0 with a notation that "The United States recognizes that Defendant has two aggravated felonies that qualify as +16 enhancements. However, in it's (sic) intent to honor the plea agreement, the United States is recommending a time served sentence." (ECF No. 22). The Sentencing Summary Chart indicated that the adjusted offense level was 2, Criminal History Category III and the guideline range was 0-6 months. The Government recommended: "Time served (63 days)." *Id.*

On July 18, 2012, the Court held another sentencing hearing. The Court concluded that "in light of the information that came down in the report, I will order a presentence report, so I am not going to go forward with sentencing today." (ECF No. 29) The Court ordered a full presentence report to be prepared and set a sentencing date for October 9, 2012 at 9 a.m. (ECF No. 23).

## CONTENTIONS OF THE PARTIES

Defendant asserts that the Counsel for the Government breached the plea agreement

by pointing to discrepancies in the rap sheet and requesting that the Court order a criminal history report.  Defendant contends that the appropriate remedy is specific performance of the contract in front of a different district court judge.

The Government asserts that the terms of the plea agreement permit it to request a criminal history report.  The Government relies upon the provisions of the plea agreement which state that there is no agreement as to defendant's criminal history category as well as other provisions of the plea agreement.  The Government contends that the attempts by Government Counsel to provide the Court with an accurate calculation of the defendant's criminal history did not breach any provision of the plea agreement.  The Government further asserts that the parties have retained a united front as to the sentencing recommendation that this Court retains jurisdiction to sentence the defendant.

## APPLICABLE LAW

In *United States v. Alcala-Sanchez*, 666 F.3d 571 (9th Cir. 2012), the Court of Appeals for the Ninth Circuit stated:

> "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A plea agreement is a contract, and the government is held to its literal terms. *[United States v.] Mondragon*, 228 F.3d [978, 980 (9th Cir. 2000)]. Requiring the government to strictly comply with the terms of a plea agreement encourages plea bargaining, "an essential component of the administration of justice," *Santobello*, 404 U.S. at 260, 92 S.Ct. 495, because it ensures that a defendant gets the benefit of his or her bargain—the presentation of a "united front" to the court. See *United States v. Camarillo–Tello*, 236 F.3d 1024, 1028 (9th Cir.2001).
>
> It does not matter that a breach is inadvertent, *see Santobello*, 404 U.S. at 262, 92 S.Ct. 495, or "that the statements or arguments the prosecutor makes in breach of the agreement do not influence the sentencing judge." *Gunn v. Ignacio*, 263 F.3d 965, 969–70 (9th Cir. 2001).

666 F.3d at 575.  In *Alcala-Sanchez*, the government agreed in the plea agreement to recommend a total offense level of 12 and subsequently filed a sentencing summary chart "repeating the PSR's calculations of an offense level of 20 and a Guideline range of 63 to 78 months, and recommending a sentence of 78 months, at the high end of the Guideline range." *Id.* at 573.  The prosecutor later apologized to the district court and to defense counsel and filed a corrected sentencing summary chart with an adjusted offense level of 12 and a Guideline

range of 27 to 33 months, consistent with the plea agreement.  The Court of Appeals found that the Government breached the "literal terms of the plea agreement" when it "submitted a sentencing summary chart recommending a total offense level of 20 and a 78-month sentence." *Id*. at 575-756.  The Court of Appeals concluded that "this did not present a 'united front' to the court," vacated the sentence and remanded the case for resentencing before a different judge. *Id.*

## RULING OF THE COURT

In this case, Counsel for the Government appeared at the sentencing hearing and requested that the Court order a criminal history report prior to sentencing the Defendant. Counsel for the Government explained to the Court that the Government had not filed a sentencing summary chart because the Government been unable to determine whether charges from other states that appeared on the Defendant's rap sheet had resulted in convictions.  The Court found that the Government had unnecessarily delayed making the request for a criminal history report but concluded that a criminal history report was necessary.  The Court set a further hearing for two days later with probation to prepare a criminal history report.  That same day, a criminal history report was filed by the Probation Office, indicating that the Defendant had two prior felony convictions in the State of Nevada.

Government Counsel immediately filed a sentencing summary chart recommending the guideline calculations as stated in the plea agreement. The Sentencing Summary Chart filed by the Government recommended a Specific Offense Level of +0, an adjusted offense level of 2, a guideline range of 0-6 months and a sentence of "Time served (63 days)."  (ECF No. 22).  These calculations and the recommendation are in compliance with the plea agreement. The Sentencing Summary Chart contained a notation that "The United States recognizes that Defendant has two aggravated felonies that qualify as +16 enhancements.  However, in it's (sic) intent to honor the plea agreement, the United States is recommending a time served sentence." *Id.*  This notation complied with the Government's obligation to be truthful with the district court as to the correct guideline calculations but made clear that the Government stood by its plea agreement. *See United States v. Manzo*, 675 F.3d 1204, 1212 (9th Cir. 2012)

1   ("The government must be truthful with the district court as to the legal import of the grouping

2   provision on the correct guideline calculation. ... This obligation, however, did not preclude

3   the government from answering the district court truthfully and then performing as promised

4   under the plea agreement...") and *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir.

5   2000)("[D]espite a plea agreement to make certain recommendations, the government has a

6   duty to ensure that the court has complete and accurate information, enabling the court to

7   impose an appropriate sentence.").

8           After reviewing the criminal history report, the Court found at the hearing on July 18,

9   2012 that it did not have information in the record sufficient to enable the meaningful exercise

10  of sentencing authority pursuant to 18 U.S.C. § 3553 without a presentence investigation. The

11  Court ordered a full presentence investigation as required by Rule 32(c)(A) of the Federal

12  Rules of Criminal Procedure.

13          The determination of an accurate criminal history category is necessary to the

14  determination of an accurate guideline calculation. The plea agreement in this case specifically

15  provided that "The parties have no agreement as to defendant's Criminal History Category."

16  (ECF No. 16 at 8).  The Court finds that the Government did not breach the plea agreement

17  when it requested that the Court order a criminal history report.  The Government agreed in

18  the plea agreement to recommend "that defendant be sentenced to 60 days custody of the

19  Attorney General or the low end of the advisory guideline range, whichever is greater, as

20  calculated by the Government pursuant to this agreement.  (ECF No. 16 at 8). The advisory

21  guideline range can only be calculated with an accurate criminal history score.   Based upon

22  the criminal history report, the Government recommended a Specific Offense Level of +0, an

23  adjusted offense level of 2, a guideline range of 0-6 months and a sentence of "Time served

24  (63 days)."  (ECF No. 22).  The Government did not make any recommendation contrary to

25  any promise in the plea agreement.  This Court concludes that the Defendant in this case

26  received the benefit of his bargain, namely "the presentation of a united front to the court."

27  *Alcala-Sanchez*, 666 F.3d at 575.

28          IT IS HEREBY ORDERED that the Defendant's motion for specific performance of

12cr2366WQH

1   the plea agreement and sentencing before a different district court judge (ECF No. 24) is

2   denied.

3   DATED:  August 23, 2012

4

                         **WILLIAM Q. HAYES**

5                          United States District Judge